IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| KATHY BENNETT and DUSTIN ODOM, | ) ) ) |
| Plaintiffs, | ) ) CIVIL ACTION NO. |
| v. | ) ) ) |
| NORTHWEST GEORGIA REGIONAL COMMISSION and WILLIAM STEINER, | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

### I. NATURE OF THE CLAIMS

PLAINTIFFS KATHY BENNETT and DUSTIN ODOM ("PLAINTIFFS") assert claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") for unpaid overtime compensation, liquidated damages, reasonable expenses of litigation and attorneys fees, on the grounds set forth below.

### II. JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216(b).

2. This Court has venue for all causes of action stated herein pursuant to 28 U.S.C § 1391(b)(2) as the acts alleged as a basis for the claim at issue took place within this Court's jurisdictional boundaries.

1

## III.  PARTIES

3.     PLAINTIFF KATHY BENNETT is a United States citizen who resides in Chattooga County, Georgia.

4.     PLAINTIFF DUSTIN ODOM is a United States citizen who resides in Floyd County, Georgia.

5.     DEFENDANT NORTHWEST GEORGIA REGIONAL COMMISSION ("DEFENDANT NWGRC") is a public agency whose principal place of business is 1 Jackson Hill Drive, Rome, Georgia 30162-1798, and is subject to the jurisdiction of this Court.  DEFENDANT NWGRC may be served through Mike Babb, Chairperson, at 301 Crawford Street, Dalton, Georgia 30720.

6.     Throughout the relevant period of this lawsuit, DEFENDANT WILLIAM STEINER asserted control of DEFENDANT NWGRC'S day-to-day operations at the location where PLAINTIFFS worked, had some direct responsibility for the supervision of PLAINTIFFS, and participated in the decision not to pay PLAINTIFFS proper overtime compensation, and therefore is an employer within the meaning of the FLSA, 42 U.S.C. § 203(d) and is not exempt under the Act.  DEFENDANT STEINER may be served at his residence at 11 Seay Drive, Rome, Georgia 30161.

7. PLAINTIFFS are former employees of DEFENDANTS who were denied proper overtime compensation during the relevant period of their employment.

8. DEFENDANTS employed PLAINTIFFS as employees and therefore each DEFENDANT is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and is not exempt under the Act.

9. Throughout PLAINTIFFS' employment, DEFENDANT NWGRC engaged in the activity of a public agency, had employees engaged in commerce, and had an annual gross volume of business that was more than $500,000.

10. Throughout PLAINTIFFS' employment, DEFENDANT NWGRC was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. 203(s)(1).

### IV. <u>FACTUAL ALLEGATIONS</u>

#### *<u>Plaintiff Kathy Bennett</u>*

11. Throughout PLAINTIFF BENNETT'S employment, she was employed by DEFENDANTS as a fiscal assistant at DEFENDANTS' location in Rome, Georgia.

12. Throughout PLAINTIFF BENNETT'S employment, she was engaged in commerce and was employed by an enterprise engaged in commerce within the

3

meaning of the FLSA and therefore is expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

13. Throughout PLAINTIFF BENNETT'S employment, she performed the job duties of a non-exempt employee for purposes of the FLSA.

14. At various times during PLAINTIFF BENNETT'S employment, she was classified by DEFENDANT as a non-exempt employee for purposes of the FLSA.

15. Throughout PLAINTIFF BENNETT'S employment, her primary duties involved processing payroll, processing and administering paperwork regarding workers compensation claims, maintaining files, reviewing timecards, and distributing checks.

16. Throughout PLAINTIFF BENNETT'S employment, her primary duties conformed to a very specific standard of conduct that did not involve the exercise of discretion and independent judgment.

17. Throughout PLAINTIFF BENNETT'S employment, her primary duties did not involve professional, administrative or managerial duties.

18. Throughout PLAINTIFF BENNETT'S employment, DEFENDANTS had policy, practice, and procedure whereby a salaried employee's weekly compensation suffered a deduction for each day of work missed by such employee if no sick leave or annual leave was available.

19. Throughout PLAINTIFF BENNETT'S employment, she worked over forty (40) hours per week.

20. Throughout PLAINTIFF BENNETT'S employment, DEFENDANTS' management was aware of the extra hours she worked each week in excess of 40 hours.

21. Throughout PLAINTIFF BENNETT'S employment, DEFENDANTS did not pay PLAINTIFF overtime compensation for work performed in excess of 40 hours in a workweek.

22. Throughout PLAINTIFF BENNETT'S employment, she was directed by her supervisor to submit time sheets showing she worked only 40 hours per week, even though PLAINTIFF'S supervisors were well aware that PLAINTIFF had worked more than 40 hours each week.

23. Throughout PLAINTIFF'S employment, there is no evidence that the conduct of DEFENDANTS that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

24. Throughout PLAINTIFF'S employment, DEFENDANTS knowingly, intentionally and willfully violated the FLSA by failing to pay PLAINTIFF the overtime compensation and other compensation to which she is entitled.

### *Plaintiff Dustin Odom*

25. Throughout PLAINTIFF ODOM'S employment, he was employed by DEFENDANTS as a payables and receivables assistant at DEFENDANTS' location in Rome, Georgia.

26. Throughout PLAINTIFF ODOM'S employment, he was engaged in commerce and was employed by an enterprise engaged in commerce within the meaning of the FLSA and therefore is expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

27. Throughout PLAINTIFF ODOM'S employment, he performed the job duties of a non-exempt employee for purposes of the FLSA.

28. At various times during PLAINTIFF ODOM'S employment, he was classified by DEFENDANT as a non-exempt employee for purposes of the FLSA.

29. Throughout PLAINTIFF ODOM'S employment, his primary duties involved reviewing and processing accounts payables and receivables; preparing monthly financial reports; and performing bank reconciliations.

30. Throughout PLAINTIFF ODOM'S employment, his primary duties conformed to a very specific standard of conduct that did not involve the exercise of discretion and independent judgment.

31. Throughout PLAINTIFF ODOM'S employment, his primary duties did not involve professional, administrative or managerial duties.

32. Throughout PLAINTIFF ODOM'S employment, DEFENDANTS had policy, practice, and procedure whereby a salaried employee's weekly compensation suffered a deduction for each day of work missed by such employee if no sick leave or annual leave was available.

33. During PLAINTIFF ODOM'S employment, DEFENDANTS deducted the weekly compensation of several salaried employees for each day of work those employees missed because the employees had no sick leave or annual leave available.

34. Throughout PLAINTIFF ODOM'S employment, he worked over forty (40) hours per week.

35. Throughout PLAINTIFF ODOM'S employment, DEFENDANTS' management was aware of the extra hours he worked each week in excess of 40 hours.

36. Throughout PLAINTIFF ODOM'S employment, DEFENDANTS did not pay PLAINTIFF overtime compensation for work performed in excess of 40 hours in a workweek.

37. Throughout PLAINTIFF ODOM'S employment, he was directed by his supervisor to submit time sheets showing he worked only 40 hours per week, even though PLAINTIFF'S supervisors were well aware that PLAINTIFF had worked more than 40 hours each week.

38. On a few occasions, DEFENDANTS paid PLAINTIFF overtime at one-and-one-half times his regular hourly rate.

39. Throughout PLAINTIFF'S employment, there is no evidence that the conduct of DEFENDANTS that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

40. Throughout PLAINTIFF'S employment, DEFENDANTS knowingly, intentionally and willfully violated the FLSA by failing to pay PLAINTIFF the overtime compensation and other compensation to which he is entitled.

## VI. CLAIM

*(Fair Labor Standards Act - 29 U.S.C. § 201 et seq.)*

41. PLAINTIFFS re-allege paragraphs 1-40 above and incorporate them by reference as if fully set forth herein.

42. By engaging in the above-described conduct, DEFENDANTS violated the FLSA with respect to PLAINTIFFS.

43. By engaging in the above-described conduct, DEFENDANTS knowingly, intentionally and willfully violated the FLSA with respect to PLAINTIFFS.

44. Throughout the relevant period of this lawsuit, there is no evidence that the conduct of DEFENDANTS that gave rise to this action was in good faith

and based on reasonable grounds for believing that its conduct did not violate the FLSA.

45. As a direct and proximate result of the above-described conduct, PLAINTIFFS have lost wages.

46. Said violation gives rise to a claim for relief under the FLSA for PLAINTIFFS for past due overtime compensation during the three-year period prior to the filing of this Complaint, prejudgment interest, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 215 *et seq.*

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS respectfully pray that this Court do the following:

1. Issue a declaratory judgment that DEFENDANTS NORTHWEST GEORGIA REGIONAL COMMISSION and WILLIAM STEINER have engaged in unlawful employment practices in violation of the FLSA with respect to PLAINTIFFS;

2. Require DEFENDANTS NORTHWEST GEORGIA REGIONAL COMMISSION and WILLIAM STEINER to pay PLAINTIFFS for past due overtime compensation calculated at one and one-half times the proper normal rate

that PLAINTIFFS would have received but for unlawful conduct going back three (3) years from the date this Complaint was filed;

3. Require DEFENDANTS NORTHWEST GEORGIA REGIONAL COMMISSION and WILLIAM STEINER to pay PLAINTIFFS liquidated damages as provided for under the FLSA;

4. Award PLAINTIFFS their reasonable attorneys' fees and costs and expenses of suit arising from DEFENDANTS' violations under the FLSA;

5. Permit a trial by jury on all issues so triable; and

6. Provide such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFFS hereby demand a jury trial on all claims for which they have a right to a jury.**

*s/ Alan H. Garber*
Alan H. Garber
Georgia Bar No. 283840
Marc N. Garber
Georgia Bar No. 283847
THE GARBER LAW FIRM, P.C.
Suite 14
4994 Lower Roswell Road
Marietta, GA  30068
(678) 560-6685
(678) 560-5067 (facsimile)

*s/ Diane Cherry*
Diane Cherry
Georgia Bar No. 123391
THE CHERRY LAW FIRM, P.C.
1301 Shiloh Road
Kennesaw, Georgia 30144
(770) 444-3399
(770) 444-3376 (facsimile)
cherrylaw@mindspring.com

**COUNSEL FOR PLAINTIFFS**