# Exhibit 1
# (Parties' Settlement Agreement and Release of Claims)

# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (hereinafter the "Agreement") is entered into by and between the following Parties: Northwest Georgia Regional Commission and William Steiner ("Defendants") on the one hand, and Kathy Bennett and Dustin Odom ("Plaintiffs") on the other hand. Collectively, Defendants and Plaintiffs are referred to as the "Parties":

WHEREAS, Plaintiffs and Defendants are parties to a civil action pending in the United States District Court for the Northern District of Georgia, Rome Division, styled *Kathy Bennett and Dustin Odom, Plaintiffs v. Northwest Georgia Regional Commission and William Steiner, Defendants,* Civil Action No. 4:12-cv-00222-HLM-WEJ (hereinafter referred to as the "Litigation"), which action arises out of or relates to the employment of or work performed by the Plaintiffs;

WHEREAS, in the Litigation, Plaintiffs claim the Defendants intentionally and willfully failed to pay them the required compensation under the Fair Labor Standards Act ("FLSA") and Defendants deny these allegations;

WHEREAS, although the Parties dispute Defendants' liability to Plaintiffs under the FLSA, the Parties agree that the total amount of Plaintiffs' recovery – not including attorneys' fees and costs – is $12,622.50 for Plaintiff Bennett and $12,500.00 for Plaintiff Odom.

WHEREAS, Plaintiffs and Defendants desire to enter into an agreement resolving and settling all claims, allegations and causes of action asserted or which could have been asserted by Plaintiffs in the Litigation that arise out of or relate to compensation for any work performed by Plaintiffs for Defendants;

WHEREAS, Plaintiffs warrant and represent that they have not assigned any of the claims against Defendants that are released in this Agreement to any other person or entity and that no attorneys other than Alan Garber and Marc Garber of The Garber Law Firm, P.C. and Diane Cherry of The Cherry Law Firm, P.C. have a claim for attorneys' fees and/or costs arising from Plaintiffs' claims released in this Agreement; and

WHEREAS, this Agreement constitutes a good faith settlement of all of Plaintiffs' disputed claims and allegations that were asserted or could have been asserted by Plaintiffs in the Litigation arising out of or relating to compensation for any work performed by Plaintiffs for Defendants, and shall not be deemed in any manner an admission, finding, or indication, for any purposes whatsoever, that the Defendants, or any of their officers, employees, and/or other agents acted contrary to law or violated the

rights of Plaintiffs or any other person at any time.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1. **Consideration.** In consideration of this Agreement and other good and sufficient consideration, including Plaintiffs' agreement to dismiss with prejudice the Litigation, Defendants or their insurer agree to pay a total sum of Forty-Two Thousand Four and 50/100 Dollars ($42,004.50), payable as follows:

   a. The sum of Twelve Thousand Six Hundred Twenty-Two and 50/100 Dollars ($12,622.50) payable to Plaintiff Bennett in the form of: (i) a check for alleged unpaid wages in the gross amount of Six Thousand Three Hundred Eleven and 25/100 Dollars ($6,311.25), from which all federal, state, and other applicable taxes and withholdings shall be subtracted and for which Plaintiff Bennett will receive a Form W-2; and (ii) a check for alleged liquidated damages in the amount of Six Thousand Three Hundred Eleven and 25/100 Dollars ($6,311.25), with no withholdings or deductions, for which a Form 1099 shall issue to Plaintiff Bennett.

   b. The sum of Twelve Thousand Five Hundred and 00/100 Dollars ($12,500.00) payable to Plaintiff Odom in the form of: (i) a check for alleged unpaid wages in the gross amount of Six Thousand Two Hundred Fifty and 00/100 Dollars ($6,250.00), from which all federal, state, and other applicable taxes and withholdings shall be subtracted and for which Plaintiff Odom will receive a Form W-2; and (ii) a check for alleged liquidated damages in the amount of Six Thousand Two Hundred Fifty and 00/100 Dollars ($6,250.00), with no withholdings or deductions, for which a Form 1099 shall issue to Plaintiff Odom.

   c. The sum of Sixteen Thousand Eight Hundred Eighty-Two and 00/100 Dollars ($16,882.00) for attorneys' fees and costs, payable as follows: (i) a check for fees and costs payable to The Garber Law Firm, P.C. in the amount of Thirteen Thousand Four Hundred Eighty-Two and 00/100 Dollars ($ 13,482.00), for which a Form 1099 shall issue to The Garber Law Firm, P.C. and Plaintiffs; and (ii) a check for fees and costs payable to The Cherry Law Firm, P.C. in the amount of Three Thousand Four Hundred Dollars and 00/100 Dollars ($3,400.00), for which a Form 1099 shall issue to The Cherry Law Firm, P.C. and Plaintiffs.

Commission's portion of FICA and other employer portion tax contributions associated with the payment designated as unpaid wages. Plaintiffs further agree that they will indemnify and hold Defendants and their related and affiliated entities harmless from and against any taxes, penalties and/or interest that might arise from any challenge by the Internal Revenue Service or similar state agency to Plaintiffs' tax treatment of any amounts paid to them, except for any challenge associated with Defendant Northwest Georgia Regional Commission's responsibility for the employer portion of FICA and other employer portion tax contributions associated with the payment designated as unpaid wages.

   e. Plaintiffs represent and warrant that Alan Garber and Marc Garber of The Garber Law Firm, P.C. and Diane Cherry of The Cherry Law Firm, P.C. are and have been the sole attorneys for them with respect to the Litigation and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Litigation; and that all legal fees, costs, and/or expenses for which Defendants could be liable in connection with the Litigation are discharged.

   f. The settlement checks described in paragraphs 1 a., b., and c. shall be transmitted to The Garber Law Firm, P.C. within the time period specified in paragraph 3 below.

   2. **Release & Waiver of All Claims.** In exchange for the payments set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, their heirs and assigns, fully and absolutely **RELEASE AND FOREVER DISCHARGE** Defendants, and each of their present and former divisions, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, attorneys, partners, consultants, managers, and representatives (whether in their official or individual capacities), and all persons acting by, through, under or in concert with any of them (including the counties and cities in the Northwest Georgia Regional Commission's territory), whether past, present or future (collectively "Released Parties"), from any and all allegations, claims, demands, rights, charges, actions, causes of action, liabilities, damages, costs, attorneys' fees and expenses, whether known or unknown, which were asserted or which could have been asserted in the Litigation and which are based on, related to, or arise from the alleged failure by Defendants to properly compensate Plaintiffs for all hours worked. This release specifically includes all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., as well as all other federal, state, local, statutory or common laws relating to the alleged failure by Defendants to compensate Plaintiffs for all time worked.

3.  **Court Approval.** All Parties agree that, upon execution of this Agreement, they shall file a joint motion for approval of the settlement to the United States District Judge before whom this Litigation is pending for the purposes of obtaining court approval in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. All Parties agree that they will set the joint motion for hearing as soon as possible, if necessary. After the court approves the settlement of this Litigation, Defendants will transmit the payments required under paragraphs 1 a., b., and c. to The Garber Law Firm, P.C. within ten (10) business days. If the District Court does not approve this Agreement, it shall be void *ab initio*.

4.  **Dismissal of Action.**

    a.  Upon judicial approval of the Agreement and Plaintiffs' receipt of the payments required under paragraphs 1 a., b., and c., the Parties, through counsel of record, agree to fully execute and file the Stipulation of Dismissal with Prejudice attached hereto as Exhibit 1, with the court within two (2) business days.

    b.  Plaintiffs represent that, as of the date Plaintiffs sign this Agreement, they have not filed or initiated, or caused to be filed or initiated, any complaint, claim, action or lawsuit of any kind against any of the Released Parties in any federal, state or local court or agency other than the Litigation. Plaintiffs agree not to initiate or file, or cause to be initiated or filed, any action, lawsuit, complaint or proceeding asserting any of the claims released by this Agreement against any of the Released Parties. Plaintiffs further agree not to be a member of any class or collective action in any court or in any arbitration proceeding seeking relief against the Released Parties based on claims released by this Agreement, and that even if a court or arbitrator rules that Plaintiffs may not waive a claim released by this Agreement, Plaintiffs will not accept any money damages or other relief. Plaintiffs agree to promptly reimburse Defendants for any legal fees that Defendants incur as a result of any breach of this paragraph by Plaintiffs.

5.  **Execution.** This Agreement shall become effective upon its approval by the court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument. Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

6.  **Neutral Job Reference** Northwest Georgia Regional Commission agrees to provide a neutral job reference for each Plaintiff limited to dates of employment and position(s) held.

Page 4 of 8

7.    **Entire Release.**  Plaintiffs affirm that the only consideration for their decision to execute and their execution of the Agreement are the terms stated herein and that there are no other promises or arrangements of any kind which have caused them to execute the Agreement; that they have been advised to and have consulted with their attorneys regarding the terms, conditions and the final and binding effect of this Agreement; and they understand the meaning of the Agreement and its final and binding effect.

8.    **Severability.**  Each provision of this Agreement shall be considered separable, distinct, and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity, or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.  Notwithstanding the foregoing sentence, if Paragraphs 1 or 2 are found to be invalid by a court of competent jurisdiction, the entire Agreement is invalid.

9.    **Amendments.**  Any modification or change to this Agreement must be made in writing and signed by all Parties.

10.   **Construction.**  The language contained in this Agreement shall be deemed to be approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto.  No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

11.   **Governing Law.**  This Agreement is executed in the State of Georgia and all terms of this Agreement shall be governed and construed pursuant to the laws of the State of Georgia.

The Parties further warrant and represent as follows: **I HAVE CAREFULLY READ AND FULLY UNDERSTAND THE PROVISIONS OF THIS AGREEMENT INCLUDING PLAINTIFFS' WAIVER OF CLAIMS AGAINST NORTHWEST GEORGIA REGIONAL COMMISSION, WILLIAM STEINER, AND THE RELEASEES.  I HAVE ENTERED INTO THIS AGREEMENT KNOWINGLY AND VOLUNTARILY AS AN ACT OF MY OWN FREE WILL AND HAVE NOT RELIED UPON ANY OTHER REPRESENTATION OR STATEMENT, WRITTEN OR ORAL.  I HAVE HAD AN OPPORTUNITY TO CONSULT WITH AN**

**ATTORNEY AND, IF NECESSARY, WITH OTHER PERSONAL ADVISORS OF MY CHOOSING, PRIOR TO EXECUTING THIS AGREEMENT AND WAIVING ANY AND ALL CLAIMS, AND I HAVE HAD SUFFICIENT TIME AND OPPORTUNITY TO DO SO.**

*<The remainder of this page intentionally left blank.>*

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release consisting of eight (8) pages.

**ACCEPTED AND AGREED BY KATHY BENNETT**

By: *Kathy Bennett*
    Kathy Bennett

Sworn to and subscribed before me this 27th day of April, 2013.

*Terri E. Jones*
NOTARY PUBLIC

My Commission Expires: 12/4/15

[Notary Seal: TERRI E. JONES, NOTARY PUBLIC, CHATTOOGA COUNTY, GA]

Notary Public, Chattooga County, GA.
My Commission Expires Dec. 04, 2015

**ACCEPTED AND AGREED BY DUSTIN ODOM**

By: _____
    Dustin Odom

Sworn to and subscribed before me this ____ day of _____, 2013.

_____
NOTARY PUBLIC

My Commission Expires: _____.

<Signatures continued on next page.>

Page 7 of 8

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release consisting of eight (8) pages.

**ACCEPTED AND AGREED BY KATHY BENNETT**

By: _____
    Kathy Bennett

Sworn to and subscribed
before me this ____ day
of _____, 2013.

_____
NOTARY PUBLIC

My Commission Expires: _____.

**ACCEPTED AND AGREED BY DUSTIN ODOM**

By: *Dustin Odom* (signature)
    Dustin Odom

Sworn to and subscribed
before me this 25 day
of April, 2013.

*[signature]*
NOTARY PUBLIC

My Commission Expires: _____

[Notary seal: KELLIE M. PEARSON, NOTARY PUBLIC, FLOYD COUNTY, GA, Exp. May 26, 2014]

<Signatures continued on next page.>

ACCEPTED AND AGREED BY NORTHWEST GEORGIA REGIONAL COMMISSION

NORTHWEST GEORGIA REGIONAL COMMISSION

By: _____

Its:  Executive Director

Sworn to and subscribed
before me this  1  day
of    May        , 2013.

_Bernice Neal Jackson_
NOTARY PUBLIC

My Commission Expires:  10/30/15 .

ACCEPTED AND AGREED BY WILLIAM STEINER

WILLIAM STEINER

By: _____
      William Steiner

Sworn to and subscribed
before me this ____ day
of _____, 2013.

_____
NOTARY PUBLIC

My Commission Expires: _____.

ACCEPTED AND AGREED BY NORTHWEST GEORGIA REGIONAL COMMISSION

NORTHWEST GEORGIA REGIONAL COMMISSION

By: _____

Its: _____

Sworn to and subscribed before me this ____ day of _____, 2013.

_____
NOTARY PUBLIC

My Commission Expires: _____.

ACCEPTED AND AGREED BY WILLIAM STEINER

WILLIAM STEINER

By: _William R. Steiner_
William Steiner

before me this 30th day of April, 2013.

_Jennie Yarbrough_
NOTARY PUBLIC

My Commission Expires: 1/19/2016.

Page 8 of 8

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| KATHY BENNETT and DUSTIN ODOM, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | CIVIL ACTION FILE NO. |
| v. | ) ) | 4:12-CV-00222-HLM-WEJ |
| NORTHWEST GEORGIA REGIONAL COMMISSION and WILLIAM STEINER, | ) ) ) ) | |
| Defendants. | ) ) | |

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, Plaintiffs Kathy Bennett and Dustin Odom and Defendants Northwest Georgia Regional Commission and William Steiner stipulate to the **dismissal with prejudice** of all of Plaintiffs' claims and causes of action asserted in this lawsuit against Defendants Northwest Georgia Regional Commission and William Steiner. The parties shall bear their own attorneys' fees and costs.

Respectfully submitted this ___ day of April, 2013.

<table>
<tr><td>

s/Alan Howard Garber
Alan Howard Garber
Georgia Bar No. 283840
Marc N. Garber
Georgia Bar No. 283847
The Garber Law Firm, P.C.
Suite 14
4994 Lower Roswell Road, N.E.
Marietta, Georgia  30068
(678) 560-6685 (A.H. Garber)
(678) 560-5066 (M.N. Garber)
(678) 560-5067 (fax)
ahgarber@garberlaw.net
mngarber@garberlaw.net

Diane Cherry
The Cherry Law Firm, P.C.
1301 Shiloh Road
Kennesaw, GA  30144
(770) 444-3399
(770) 444-3376 (fax)
cherrylaw@mindspring.com

Attorneys for Plaintiffs

</td><td>

s/Patrick L. Lail
Sharon P. Morgan
Georgia Bar No. 522955
Patrick L. Lail
Georgia Bar No.431101
ELARBEE, THOMPSON, SAPP &
WILSON, LLP
229 Peachtree Street, N.E.
800 International Tower
Atlanta, GA 30303
Telephone: (404) 659-6700
Facsimile: (404) 222-9718
E-mail:
morgan@elarbeethompson.com
lail@elarbeethompson.com

Attorneys for Defendants

</td></tr>
</table>