IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

KATHY BENNETT and
DUSTIN ODOM,

    Plaintiffs,

v.

NORTHWEST GEORGIA
REGIONAL COMMISSION and
WILLIAM STEINER,

    Defendants.

CIVIL ACTION FILE
NO. 4:12-CV-0222-HLM

## ORDER

This is a Fair Labor Standards Act ("FLSA") case, in which Plaintiffs alleges that Defendants failed to pay them for hours worked in excess of forty hours per week. The case is before the Court on the Parties' Joint Motion to Approve the Settlement of Plaintiffs' Claims [16] and on the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [17].

AO 72A
(Rev.8/8
2)

## I. Standard of Review

28 U.S.C.A. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.A. § 636(b)(1). The Court therefore must conduct a <u>de novo</u> review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 784 (11th Cir. 2006); <u>Jeffrey S. by Ernest S. v. State Bd. of Educ.</u>, 896 F.2d 507, 513 (11th Cir. 1990); <u>United States v. Gaddy</u>, 894 F.2d 1307, 1315 (11th Cir. 1990); <u>LoConte v. Dugger</u>, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. <u>Macort</u>, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects.

2

United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Discussion

The Court agrees with Judge Johnson that the terms of the Parties' Settlement Agreement and Release of Claim (Docket Entry No. 16-1) "are fair, reasonable, and satisfactory." (Final Report & Recommendation (Docket Entry No. 17) at 1.) The Court further finds that: (1) this case involves a bona fide dispute as to liability and damages under FLSA; (2) in view of the litigation risks faced by each of the Parties, the settlement is fair and reasonable as to Plaintiffs' claims; (3) the Parties' settlement furthers implementation of FLSA; and (4) the attorney's fees and costs Defendants shall pay, according to the Parties' Motion, are fair and reasonable. The Court consequently adopts the Final Report and Recommendation, grants the Parties' Joint Motion to Approve the Settlement of Plaintiffs' Claims, and approves the settlement of Plaintiffs' FLSA claims.

3

## III. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Final Report and Recommendation of United States District Judge Walter E. Johnson [17], **GRANTS** the Parties' Joint Motion to Approve the Settlement of Plaintiffs' Claims, and **APPROVES** the settlement of Plaintiffs' FLSA claims. The Court **ORDERS** Defendants to, **WITHIN TEN (10) BUSINESS DAYS**: (1) pay Plaintiffs the settlement amounts identified in the Parties' Motion and the Settlement Agreement; and (2) pay Plaintiffs' counsel attorney's fees and costs in the amounts identified in the Parties' Motion and Settlement Agreement. The Court **ORDERS** the Parties to file a Stipulation of Dismissal With Prejudice **WITHIN TWENTY-EIGHT (28) DAYS AFTER THE DATE OF THIS ORDER.**

IT IS SO ORDERED, this the 6 day of June, 2013.

_____
UNITED STATES DISTRICT JUDGE